DETERMINED IN THE

# SECOND DEPARTMENT

AT

# GENERAL TERM,

## May, 1877.

---

LUR WINTJEN AND HENRY HARMS *v.* FRANCISCO VERGES AND OTHERS, RESPONDENTS, AND MATTHEW T. BRENNAN, LATE SHERIFF, IMPLEADED WITH OTHERS, APPELLANT.

*Action against sheriff and others — right of sheriff, to remove it to his own county — Code, § 124.*

The plaintiffs having purchased a quantity of sugar from H. & D., of New York, the price thereof, while in plaintiffs' hands, was attached by the sheriff of New York, under an attachment issued in an action against H. & D. Subsequently one V. brought an action against the plaintiffs, to recover the price of the sugar, claiming that he was the owner thereof, and that H. & D. were merely his agents to sell the same. This action was brought by the plaintiffs, in the county of Kings, against the sheriff and the attaching creditors and V., praying that they might be compelled to determine their conflicting claims to the sugar between themselves. *Held,* upon the application of the sheriff, that he was entitled, under section 124 of the Code, to have the place of trial changed to the county of New York.

APPEAL from an order made at the Special Term denying a motion made by the defendant Brennan, to change the place of trial of this action to the county of New York, of which county he was sheriff.

*Almon Goodwin,* for the appellant Brennan.

*Lucien Birdseye,* for the respondents Verges, Verges & Preston.

BARNARD, P. J.:

The plaintiffs purchased a large amount of sugar of Huntingdon & Dorn. Before they had paid for the same the late sheriff of the city and county of New York, Brennan, levied on the unpaid price of the sugars by virtue of attachments against Huntingdon & Raymond, at the suit of Shafford, Shafford & Hewitts. Verges, Verges & Preston, sugar merchants of Porto Rico, claim the sugar and the price therefor, alleging that Huntingdon & Dorn were simply their agents to sell the sugar, which belonged to them. They commenced an action against the plaintiffs, Wintgen & Harms, to recover the price agreed to be paid, amounting to over $40,000. The plaintiffs thereupon commenced this action against the sheriff and the attaching creditors, and Verges, Verges & Preston, asking that the conflicting claims of the defendants may be made the subject of an interpleader between them. The sheriff demanded that the trial be had in the city of New York, and, his demand not having been complied with, he made a motion to compel the change. The motion was denied. This appeal presents the question whether section 124 of the Code gives him the right to have the place of trial changed. This section provides that the place of trial against a public officer "for an act done by him in virtue of his office" be tried in the county where the cause, or some part thereof, arose. I think this statute covers this case. The sheriff is made a party because he has made a levy; for this act, and by reason of the consequences which flow from it, he is asked to litigate his claim with another claimant. It is urged by the respondent that the action is not against the sheriff for an official act, but that the only question presented is the validity of the lien created by him by the service of the attachments. There could be no such question but for the act of the levy. The same argument would permit trover or replevin to be brought against the sheriff, who had levied on goods claimed by another. The title to the goods, and the validity of the levy, are the only things in question. Still the action is based upon the fact of the levy.

It is also urged against the motion that no personal claim is made against the sheriff. It is true that no personal claim is made against the sheriff, but the issue between the sheriff and Verges, Verges & Preston may terminate in a judgment for costs against the sheriff. (*Richards* v. *Salter*, 6 Johns. Ch., 444.)

Possibly even in a judgment for the attaching creditor's debt, if the sheriff has been guilty of any neglect whereby the levy was invalid, and Huntingdon & Raymond are adjudged to have owned the sugar. The sheriff cannot be deprived of the statutory right by joining other defendants with him. (*People* v. *Kingsley*, 8 Hun, 233.)

The question is not varied by the removal of the attachment action to the United States Circuit Court. By section 646 of title 13, chapter 7, United States Revised Statutes, the attachment still holds the property to answer the final judgment.

I think the order should be reversed, and the motion to change the place of trial granted, with costs and disbursements.

GILBERT and DYKMAN, JJ., concurred.

Order reversed, with costs and disbursements.